UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 19-mj-5644 (KMW) |
| v. | : | Hon. Karen M. Williams |
| RICHARD TOBIN, | : | STIPULATED PROTECTIVE ORDER |

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney for the District of New Jersey (by Kristen M. Harberg, Assistant U.S. Attorney), and defendant Richard Tobin, being represented by Lisa Evans Lewis, Esquire, for a protective order for materials that are being turned over to the defense for use in a detention hearing, the parties respectfully request that the Court issue an Order in the form set forth below.

The parties state as follows:

1. The defendant is charged in a Complaint with count of Conspiracy Against Rights, in violation of 18 U.S.C. § 241.

2. The informal discovery being turned over to the defense in anticipation of a detention hearing includes, among other things, recorded statements of the defendant, and reports thereof, regarding the defendant's communication, conduct, and interactions with other individuals, much of which is the subject of an ongoing, active, law enforcement investigation.

3. Undersigned counsel for the defendant, the defendant through his counsel, and all other individuals identified in Paragraph 7, by and through counsel for the defendant, consent to the protection of such discovery materials on the terms set forth below.

4. The discovery materials the United States has provided and seeks to provide to counsel for the defendant include potentially identifying information regarding numerous subjects of an ongoing, active, law enforcement investigation (hereinafter, "Protected Information").

5. The defendant and his counsel understand and accept the limited purposes for which they may use these discovery materials. The defense will not make any other use of these materials, and agree not to share them with any other individual or party outside of the authorized persons identified in Paragraph 7, and subject to the terms and limited exceptions set forth herein.

6. The parties recognize that there is a significant possibility that disclosure of the Protected Information would be detrimental to ongoing, active, law enforcement investigation. Given the risks posed by disclosure and the prevalence of Protected Information throughout the discovery materials, all discovery materials are to be treated as Protected Information.

7. Access to Protected Information will be restricted to the defendant and his attorney of record, and those attorneys' associated paralegals, investigators, experts (retained pursuant to a written retainer agreement by the defendant and/or his counsel in connection with the criminal case), secretaries employed by the attorneys of record and performing services on behalf of the defendant, and such other persons as hereafter may be authorized by the United States or the Court upon motion by the defense. Protected Information may not be provided to or remain in the custody of prospective witnesses or other unauthorized persons, and may not be provided to or remain in the custody of the defendant.

8. The following restrictions apply to the individuals designated above in Paragraph 7 unless further ordered by the Court. The above-designated individuals **shall not**:

    a. Disseminate copies of Protected Information to persons not authorized in Paragraph 7;

    b. Allow persons not authorized in Paragraph 7 to read, view, or listen to Protected Information;

    c. Use Protected Information for any purpose other than the detention hearing, plea negotiations, or preparing for the defendant's defense in this case (i.e., for proffer meetings, hearings, or trial);

    d. With respect to the defendant specifically, duplicate any discovery materials, whether by photocopy, photograph, writing, or otherwise, except that the defendant may take notes for the limited purpose of assisting in his defense, so long as those notes are not disseminated or shown to persons other than authorized persons identified in Paragraph 7 and do not amount to duplicates of materials protected herein.

9. The defendant's attorney shall inform any person to whom disclosure may be made, pursuant to this Order, of the existence and terms of this Court's Order. The defendant's attorney shall provide that person a copy of this Order. The designated person shall be subject to the terms of this Order. Defense counsel shall maintain a record of all such persons who have received Protected Information, which record shall be provided to the United States upon request.

10. Authorized persons identified in Paragraph 7 may not disclose Protected Information to any unauthorized person unless the defendant and/or his counsel makes a written request to the United States for an exception to these restrictions, and such a request is granted. If such exceptions are refused, the defendant and/or his counsel may seek relief from the Court.

11. Authorized persons identified in Paragraph 7 shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Order. In the event of any inadvertent disclosure of Protected Information, counsel for the defendant shall promptly notify the Court and the United States as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

12. The requested restrictions shall not restrict or limit the use or introduction as evidence of discovery materials containing Protected Information during hearings or trials in this matter, if the inclusion of such information is relevant and otherwise admissible pursuant to the Federal Rules of Evidence and in compliance with any applicable Local Rules.

13. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defendant and defense counsel prior to the date of the Order below.

(continued)

14. The defendant and his counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation (i.e., when the defendant has exhausted any right of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the defendant's attorney shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Protected Information within a reasonable time, not to exceed sixty (60) days after the conclusion of the litigation.

Form and entry consented to:

LISA EVANS LEWIS, Esq.
Attorney for defendant Richard Tobin
Date: _____

CRAIG CARPENITO
United States Attorney

KRISTEN M. HARBERG
Assistant United States Attorney
Date: 12/4/19

**ORDER**

IT IS SO ORDERED

this 10th day of December, 2019.
Camden, New Jersey

HON. KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE