UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :

                                                          MAGISTRATE NO. 19-5644(KMW)

                               :

                               :

RICHARD TOBIN

                               :

---

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RELEASE ON BAIL

---

                                                  LISA EVANS LEWIS
                                                  Assistant Federal Public Defender
                                                  800 Cooper Street, Suite 350
                                                  Camden, New Jersey 08102
                                                  (856)757-5341 x303

                                                  Attorney for Defendant
                                                  Richard Tobin

1

## PRELIMINARY STATEMENT

On November 13, 2019, Richard Tobin was charged, by way of complaint, with one count of conspiring to violate civil rights in violation of 18 U.S.C. §241 which carries a statutory maximum sentence of 10 years. Mr. Tobin was brought before this court on November 13, 2019 for an initial appearance and consented to detention. Mr. Tobin was denied release on bail on December 6th, 2019 after a hearing before this court on the grounds of dangerousness. Mr. Tobin now requests that this Court reconsider its prior order of detention and release Mr. Tobin on bail. In support of this motion, Mr. Tobin respectfully submits the following Memorandum of Law.

## LEGAL ARGUMENT

The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, provides a mechanism to ensure that the interests of both the defendant and the community are carefully considered before release or detention is ordered. See United States v. Lernos, 876 F.Supp. 58, 59 (D.N.J. 1995). This Court is charged, under 18 U.S.C. § 3142(f), with determining whether any condition or combination of conditions exists that will reasonably assure the defendant's appearance in court and the safety of the community. The government bears the burden of establishing, by clear and convincing evidence, that detention is warranted. 18 U.S.C. § 3142(f). Section 3142(e) provides that, in certain cases enumerated in § 3142(f)(1), a rebuttable presumption arises against bail. It is clear, that based on the charges, there is no presumption of detention in the instant case.

In the absence of a presumption against bail, this Court must examine four factors in determining "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including, the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of

sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

Specifically with respect to the fourth factor - danger to the community - the Third Circuit has stated that the legislative history of the Bail Reform of Act of 1984 makes clear that "the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from 'a small but identifiable group of particularly dangerous defendants'." United States v. Himler, 797 F.2d at 160 (quoting, S.Rep. No. 225, 98th Cong., 1st Sess. 6-7 (1983)). See also United States v. Perry, 788 F.2d 100 (3d Cir.), cert. denied, 479 U.S. 864 (1986) (liberty interest in freedom is not violated by 18 U.S.C. § 3142(e) in authorizing the pretrial detention of "persons found to be dangerous in a very real sense; distributors of dangerous drugs and users of firearms in the commission of crimes of violence").

### 1. Nature and Circumstances of the Offense Charged

Mr. Tobin is charged with one count of conspiring to violate civil rights in violation of 18 U.S.C. §241.   Mr. Tobin is accused of encouraging members of a white supremist organization to desecrate Jewish synagogues and business. The conduct alleged in the complaint occurred from September 15, 2019 through September 23, 2019. As a result of Mr. Tobin's communication, two synagogues were desecrated. One in Michigan and one in Wisconsin. Both synagogues had swastikas and the symbol of a white supremist group spray painted on them. Although Mr. Tobin encouraged others to commit an act of desecration targeted toward particular groups, there is no allegation or evidence that Mr. Tobin himself committed any acts of desecration. Approximately one month later, on October 23, 2019, Mr. Tobin alerted

authorities of his involvement in this offense.

### 2. Weight of the Evidence Against the Accused

The weight of the evidence against Mr. Tobin is summarized above and as stated in the complaint. After alerting the authorities to his involvement in the offense, the authorities were able to identify the synagogues that were vandalized. The authorities then obtained evidence from Mr. Tobin's computer which supported his admission.

### 3. History and Characteristics of the Accused

Mr. Tobin is 18 years old and is a lifelong resident of New Jersey. He has no prior criminal record. He has been active in his community, first as a Junior Volunteer Firefighter and then, after turning 18 last year, becoming a regular firefighter. He has also been active with his church, distributing food to the homeless. Mr. Tobin was raised and adopted by his grandparents in southern, New Jersey and was homeschooled since the 7th grade. Mr. Tobin received his high school diploma in 2019. At the time of his arrest, Mr. Tobin had just been hired by a company at the docks in southern New Jersey. Although he completed the training program, his commitment to the hospital followed by his arrest and incarceration prevented him from beginning his work assignment.

### 4. Danger to the Community

Despite Mr. Tobin's involvement with the instant offense as well as his involvement with white supremist groups, Mr. Tobin is not in the "small but identifiable group of particularly dangerous defendants" where courts have determined that no bail conditions would be sufficient to protect the community. Himler, 797 F.2d at 160. Mr. is only 18 years old and has lived a relatively sheltered life. He has no history of violence. He has not committed any violent acts and

5

upon learning that other members in his organizations were talking about causing harm to individuals, he withdrew his participation. Mr. Tobin also has substantial community support including family and non-family members. Other actions by Mr. Tobin since the commission of this offense, which was over 7 months ago, as well as Mr. Tobin's willingness to continue to engage in mental health treatment, support our contention that he is not a danger to the community and therefore, should be released on bail.

Mr. Tobin respectfully submits that the following conditions of release will be sufficient to assure his appearance and protect the community:

1. $50,000 unsecured bond to be co-signed by a responsible party.

2. Home Detention without employment and with electronic monitoring.

3. Reside at a residence approved by the U.S. Pretrial Services.

4. Travel restricted to the District of New Jersey unless approved by U.S. Pretrial Services.

5. Surrender passport and all travel documents to U.S. Pretrial Services. Do not apply for new travel documents.

6. Two Third Party Custodians are proposed.

7. Drug and mental health treatment. Mr. Tobin will participate in the evaluation and treatment process.

8. Computer use restrictions and monitoring by U.S. Pretrial Services.

For the reasons set forth in this memorandum as well as oral argument, Mr. Tobin respectfully requests that this Court grant bail consistent with the recommendations stated above.

                    Respectfully,

                    *s/ Lisa Evans Lewis*
                    LISA EVANS LEWIS
                    Assistant Federal Public Defender

Dated: April 6, 2020

7